| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| TONYA WARREN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION NO. 1:16-CV-225 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Movant Tonya Warren, proceeding *pro se*, filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

### Factual Background

On April 19, 2011, movant pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Presentence Investigation Report (PSR) revealed that movant had three prior felony convictions–two for serious drug offenses and one for burglary. Due to the prior convictions, movant's sentence exposure was increased from a maximum of 10 years of imprisonment to a minimum sentence of 15 years of imprisonment under the Armed Career Criminal Act (ACCA). On November 2, 2011, the Court sentenced movant to 210 months of imprisonment. Movant filed a notice of appeal, but the appeal was dismissed.

### Discussion

The Armed Career Criminal Act provides that a person who violates § 922(g) is subject to a mandatory minimum sentence of 15 years of imprisonment if she has three or more prior convictions for a violent felony or a serious drug offense. A "violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: (i) has as an element the

use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The quoted language is referred to as the "residual clause" of the ACCA.

In 2015, the United States Supreme Court held that the residual clause of § 924(e) was unconstitutionally vague. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). The Supreme Court recently held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1260-68 (2016).

Movant asserts that her conviction for burglary no longer qualifies as a violent felony in light of *Johnson*. The government concedes that it is unable to prove movant's prior burglary conviction qualifies as a violent felony under the ACCA based on the records available to the government. *See United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (holding that the government failed to carry its burden of proving that a Texas burglary conviction qualified for a sentencing enhancement because it was unclear which subsection of Texas Penal Code § 30.02(a) was violated). The government does not oppose granting movant relief and agrees that movant should be resentenced.

## Conclusion

For the reasons stated above, this motion to vacate, set aside or correct sentence is meritorious. A final judgment will be entered granting the motion and vacating the sentence.

SIGNED at Beaumont, Texas, this 22nd day of November, 2016.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE